IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mark Szczesuil, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) No.  8-cv-281 |
| -*vs*- | ) |
| | ) *(Judge Manning)* |
| Sheriff of Lake County,  Lake County, Illinois, and Health Professionals, Ltd., | ) |
| | ) |
| *Defendants.* | ) |

## AMENDED COMPLAINT

Pursuant to leave of Court, plaintiff files this amended complaint and, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. Plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1367.

2. Plaintiff Mark Szczesuil is a resident of the Northern District of Illinois. As set out below with greater specificity, plaintiff was denied psychotropic medication while confined at the Lake County Jail as a result of defendants' official policies. Plaintiff brings this action individually and on behalf of a class.

3. Defendants are the Sheriff of Lake County, Lake County, Illinois, and Health Professionals, Ltd., an Illinois Corporation. The Sheriff is sued in his official capacity only.

4. On February 13, 2007, plaintiff was admitted to the Lake County Jail as a

pre-trial detainee. At the time of his admission, plaintiff was receiving psychotropic medication through the "Addictions Treatment Program" ("ATP") of the Lake County Health Department. Plaintiff required this medication two times a day on a daily basis.

5. On his admission to the Lake County Jail, plaintiff informed the intake personnel about his psychiatric diagnosis and his medication needs. Plaintiff was told that jail policy required that he could not receive any psychotropic medication until he had been seen by the jail's psychologist.

6. Plaintiff was not seen by the jail's psychologist for about two weeks. At that meeting, plaintiff informed the psychologist that he had been receiving psychotropic medication through the "ATP," and that his psychiatrist at the "ATP" was Dr. Singh, who was also the psychiatrist at the jail. The psychologist informed plaintiff that in accordance with jail procedures, it would take a few days to review plaintiff's case with Dr. Singh.

7. Plaintiff did not hear about his psychotropic medication for about a week. At that time, plaintiff began to submit "medical request forms" in an attempt to obtain a response from the psychologist about the medication.

8. After plaintiff had submitted about five "medical request forms" seeking a response from the psychologist about the medication, plaintiff was able to speak with the psychologist. The psychologist informed plaintiff during this conversation that plaintiff did not need psychotropic medication.

9. Plaintiff filed a grievance about the denial of his psychotropic medication on March 21, 2007. This grievance was processed in accordance with the procedures of the jail and referred to the head of the medical unit.

10. On April 17, 2007, plaintiff made a formal request to the grievance coordinator for a response to his March 21st grievance. Thereafter, on April 19, 2007, plaintiff was visited by a psychologist and a social worker. Plaintiff related his diagnosis and his need for medication to the psychologist and the social worker.

11. On April 24, 2007, without having received his medication or a response to his March 21st grievance, plaintiff made another formal request to the grievance coordinator for a response to that grievance. Thereafter, on April 26, 2007, plaintiff was again visited by the jail psychologist, who assured plaintiff that he would soon be visited by Dr. Singh, the jail psychiatrist.

12. On May 16, 2007, without having received his medication or having seen Dr. Singh, plaintiff filed a second grievance. On May 18, 2007, the grievance coordinator informed plaintiff that, in accordance with the procedures of the jail, he could not complain about denial of medication through a grievance but must submit a request slip to the seek the psychologist.

13. On May 19, 2007, again without having received his medication, plaintiff made a formal request to see the psychologist and the medical director.

14. Plaintiff received psychotropic medication for the first time at the Lake County Jail on May 24, 2007.

15. As the direct and proximate result of the wrongful denial of essential medication, plaintiff manifested symptoms of mental illness and had difficulty in cooperating with counsel and assisting in his defense.

16. Plaintiff was deprived of rights secured by the Fourteenth Amendment to the

Constitution of the United States as the result of the policies and procedures of the defendants which fail to ensure that inmates admitted to the Jail continue to receive their prescription medication. The defendants have adopted these policies in deliberate indifference to the serious health needs of persons entrusted to their care and have caused damage to plaintiff and others similarly situated.

17.   Plaintiff bring this action individually and, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, for the following class:

> All persons confined at the Lake County Jail on and after January 11, 2006 who provided notice that he or she had been taking prescription medication for a serious health need and who was not provided with that medication within 24 hours thereafter.

18.   Plaintiff demands trial by jury.

Wherefore plaintiff requests that the Court order that this case may proceed as a class action, that he and each member of the proposed class be awarded appropriate compensatory damages in an amount in excess of twenty five thousand dollars each, appropriate punitive damages against defendant Health Professionals, Ltd and that the Court award costs and fees pursuant to 42 U.S.C. §1988.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC No. 0830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604
(312) 427-3200

Thomas G. Morrissey, Ltd.
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900

*Attorneys for the Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Daniel P. Field, Esq., Scariano, Hines and Petrarca, 209 W Madison, Waukegan, IL 60085, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

_____

Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)