IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK SZCZESUIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 281 |
| ) | |
| SHERIFF OF LAKE COUNTY, LAKE ) | Judge Blanche M. Manning |
| COUNTY, ILLINOIS and HEALTH ) | |
| PROFESSIONALS, LTD., ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF SHERIFF OF LAKE COUNTY AND
LAKE COUNTY, ILLINOIS TO PLAINTIFF'S AMENDED COMPLAINT**

SHERIFF OF LAKE COUNTY and COUNTY OF LAKE, some defendants, by their attorney, Daniel P. Field, for their responses to the allegations of Plaintiff's Amended Complaint, answer and state as follows:

1. This is a civil action arising under 42 U.S.C. §1983. Plaintiff invokes the jurisdiction of the court pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1367.

**ANSWER:** These defendants admit that plaintiff purports to bring this action pursuant to 42 U.S.C. §1983 and that this court is vested with subject matter jurisdiction.

2. Plaintiff Mark Szczesuil is a resident of the Northern District of Illinois. As set out below with greater specificity, plaintiff was denied psychtropic medication while confined at the Lake County Jail as a result of defendants' official policies. Plaintiff brings this action individually and on behalf of a class.

**ANSWER:** These defendants admit that plaintiff is a resident of the Northern District of Illinois but in further answering these defendants deny the remaining allegations of paragraph 2.

3. Defendants are the Sheriff of Lake County, Lake County, Illinois and Health Professionals, Ltd., an Illinois corporation. The Sheriff is sued in his official capacity only.

**ANSWER:** These defendants admit the allegations of paragraph 3.

   4. On February 13, 2007, plaintiff was admitted to the Lake County Jail as a pre-trial detainee.  At the time of his admission, plaintiff was receiving psychtropic medication through the "Addictions Treatment Program" ("ATP") of the Lake County Health Department.  Plaintiff required this medication two times a day on a daily basis.

   **ANSWER:** These defendants admit that on February 13, 2007, plaintiff was admitted to the Lake County Jail as a pre-trial detainee but in further answering these defendant state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4.

   5. On admission to the Lake County Jail, plaintiff informed the intake personnel about his psychiatric diagnosis and his medication needs.  Plaintiff was told that jail policy required that he could not receive any psychotropic medication until he had been seen by the jail's psychologist.

   **ANSWER:** These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

   6. Plaintiff was not seen by the jail's psychologist for about two weeks.  At that meeting, Plaintiff informed the psychologist that he had been receiving psychotropic medication through the "ATP," and that his psychiatrist at the "ATP" was Dr. Singh, who was also the psychiatrist at the jail.  The psychologist informed the plaintiff that in accordance with jail procedures, it would take a few days to review plaintiff's case with Dr. Singh.

   **ANSWERS:** These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6.

   7. Plaintiff did not hear about his psychotropic medication for about a week.  At that time, plaintiff began to submit "medical request forms" in an attempt to obtain a response from the psychologist about the medication.

   **ANSWER:** These defendants admit that while plaintiff was detained in the Lake County Jail he submitted medical request forms related to his medication but in further answering these defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7.

   8. After plaintiff had submitted about five "medical request forms" seeking a response

from the psychologist about the medication, plaintiff was able to speak with the psychologist. The psychologist informed plaintiff during this conversation that plaintiff did not need psychotropic medication.

**ANSWER:** These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8.

9. Plaintiff filed a grievance about the denial of his psychotropic medication on March 21, 2007. This grievance was processed in accordance with the procedures of the jail and referred to the head of the medical unit.

**ANSWER:** These defendants admit the allegations of paragraph 9.

10. On April 17, 2007, plaintiff made a formal request to the grievance coordinator for a response to his March 21st grievance. Thereafter on, on April 19, 2007, plaintiff was visited by a psychologist and a social worker. Plaintiff related his diagnosis and his need for medication to the psychologist and the social worker.

**ANSWER:** These defendants admit that on April 17, 2007, plaintiff made a formal request for a response to his earlier filed grievance and that on April 19th he was visited by a health care staff member to whom he related his desire for medication.

11. On April 24, 2007, without having received his medication or a response to his March 21st grievance, plaintiff made another formal request to the grievance coordinator for a response to that grievance. Thereafter, on April 26, 2007, plaintiff was again visited by the jail psychologist, who assured plaintiff that he would soon be visited by Dr. Singh, the jail psychiatrist.

**ANSWER:** These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. On May 16, 2007, without having received his medication or having seen Dr. Singh, plaintiff filed a second grievance. On May 18, 2007, the grievance coordinator informed the plaintiff that, in accordance with the procedures of the jail, he could not complain about denial of medication through a grievance but must submit a request slip to seek the psychologist.

**ANSWER:** These defendants admit that plaintiff filed a grievance on May 16, 2007 and that on May 18 the plaintiff was advised to submit an Inmate Request Form but in further answering these defendants are without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of paragraph 12.

13. On May 19, 2007, again without having received his medication, plaintiff made a formal request to see the psychologist and the medical director.

**ANSWER:** These defendants admit that on May 19, 2007, plaintiff submitted an Inmate Request Form regarding his medication but in further answering these defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13.

14. Plaintiff received psychotropic medication for the first time at the Lake County Jail on May 24, 2007.

**ANSWER:** These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. As the direct and proximate result of the wrongful denial of essential medication, plaintiff manifested symptoms of mental illness and had difficulty in cooperating with counsel and assisting in his defense.

**ANSWER:** These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Plaintiff was deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States as the result of the policies and procedures of the defendants which fail to ensure that inmates admitted to the jail continue to receive their prescription medication. The defendants have adopted these policies in deliberate indifference to the serious health needs of persons entrusted to their care and have caused damage to plaintiff and others similarly situated.

**ANSWER:** These defendants deny the allegations of paragraph 16.

17. Plaintiff brings this action individually and, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, for the following class:

> All persons confined at the Lake County Jail on and after January 11, 2006 who provided notice that he or she had been taking prescription medication for a serious health need and who was not provided with that medication within 24 hours thereafter.

**ANSWER:** These defendants deny that the plaintiff class proposed in paragraph 17 satisfies each of the requirements of Rule 23 and deny that class certification is appropriate under Fed.R.Civ.P. 23(b)(3).

18.  Plaintiff demands trial by jury.

**ANSWER:** These defendants admit that plaintiff has demanded trial by jury.

WHEREFORE, SHERIFF OF LAKE COUNTY and COUNTY OF LAKE, some defendants, deny that class certification is appropriate, deny that plaintiff is entitled to any judgment against them whatsoever and pray that this court enter its order granting judgment in favor of these defendants and against the plaintiff with costs and attorneys fees assessed against the plaintiff.

> Respectfully submitted,
>
> SHERIFF OF LAKE COUNTY and COUNTY OF LAKE, Defendants
>
> By:      s/Daniel P. Field

Daniel P. Field
SCARIANO, HIMES AND PETRARCA
209 West Madison Street
Waukegan, IL 60085-4345
(847) 662-5800
ARDC No. 00800597
dpfield1@gmail.com