UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK SZCZESUIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | No. 08-CV-281 |
| ) | Judge Manning |
| SHERIFF OF LAKE COUNTY, LAKE COUNTY, ) | |
| ILLINOIS, and HEALTH PROFESSIONALS, LTD. ) | |
| ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT HEALTH PROFESSIONALS LTD.'S ANSWER
## TO PLAINTIFF'S AMENDED COMPLAINT

Defendant HEALTH PROFESSIONALS LTD, by its attorneys, CHARYSH & SCHROEDER, LTD., for its answer to plaintiff's Amended Complaint states:

1. This is a civil action arising under 42 U.S.C. §1983. Plaintiff invokes the jurisdiction of the court pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1367.

**ANSWER:** This defendant admits plaintiff brings this action pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1367 and that this Court therefore has jurisdiction over this matter, but denies any of the allegations contained herein arise to a Constitutional violation.

2. Plaintiff Mark Szczesuil is a resident of the Northern District of Illinois. As set out below with greater specificity, plaintiff was denied psychtropic medication while confined at the Lake County Jail as a result of defendants' official policies. Plaintiff brings this action individually and on behalf of a class.

**ANSWER:** This defendant admits that plaintiff is a resident of the Northern District of Illinois but denies any remaining allegations in this paragraph.

3. Defendants are the Sheriff of Lake County, Lake County, Illinois and Health Professionals, Ltd., an Illinois corporation. The Sheriff is sued in his official capacity only.

**ANSWER:** This defendant admits the allegations contained in this paragraph.

4. On February 13, 2007, plaintiff was admitted to the Lake County Jail as a pre-trial detainee. At the time of his admission, plaintiff was receiving psychtropic medication through the "Addictions Treatment Program" ("ATP") of the Lake County Health Department. Plaintiff required this medication two times a day on a daily basis.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. On admission to the Lake County Jail, plaintiff informed the intake personnel about his psychiatric diagnosis and his medication needs. Plaintiff was told that jail policy required that he could not receive any psychotropic medication until he had been seen by the jail's psychologist.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. Plaintiff was not seen by the jail's psychologist for about two weeks. At that meeting, Plaintiff informed the psychologist that he had been receiving psychotropic medication through the "ATP," and that his psychiatrist at the "ATP" was Dr. Singh, who was also the psychiatrist at the jail. The psychologist informed the plaintiff that in accordance with jail procedures, it would take a few days to review plaintiff's case with Dr. Singh.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. Plaintiff did not hear about his psychotropic medication for about a week. At that time, plaintiff began to submit "medical request forms" in an attempt to obtain a response from the psychologist about the medication.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. After plaintiff had submitted about five "medical request forms" seeking a response from the psychologist about the medication, plaintiff was able to speak with the psychologist. The psychologist informed plaintiff during this conversation that plaintiff did not need psychotropic medication.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. Plaintiff filed a grievance about the denial of his psychotropic medication on March 21, 2007. This grievance was processed in accordance with the procedures of the jail and referred to the head of the medical unit.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. On April 17, 2007, plaintiff made a formal request to the grievance coordinator for a response to his March 21 grievance. Thereafter on, on April 19, 2007, plaintiff was visited by a psychologist and a social worker. Plaintiff related his diagnosis and his need for medication to the psychologist and the social worker.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. On April 24, 2007, without having received his medication or a response to his March 21 grievance, plaintiff made another formal request to the grievance coordinator for a response to that grievance. Thereafter, on April 26, 2007, plaintiff was

again visited by the jail psychologist, who assured plaintiff that he would soon be visited by Dr. Singh, the jail psychiatrist.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. On May 16, 2007, without having received his medication or having seen Dr. Singh, plaintiff filed a second grievance. On May 18, 2007, the grievance coordinator informed the plaintiff that, in accordance with the procedures of the jail, he could not complain about denial of medication through a grievance but must submit a request slip to seek the psychologist.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. On May 19, 2007, again without having received his medication, plaintiff made a formal request to see the psychologist and the medical director.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. Plaintiff received psychotropic medication for the first time at the Lake County Jail on May 24, 2007.

**ANSWER:** This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. As the direct and proximate result of the wrongful denial of essential medication, plaintiff manifested symptoms of mental illness and had difficulty in cooperating with counsel and assisting in his defense.

**ANSWER:** Deny

16. Plaintiff was deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States as the result of the policies and procedures of the

defendants which fail to ensure that inmates admitted to the jail continue to receive their prescription medication. The defendants have adopted these policies in deliberate indifference to the serious health needs of persons entrusted to their care and have caused damage to plaintiff and others similarly situated.

**ANSWER:**   Deny

17.   Plaintiff brings this action individually and, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, for the following class:

> All persons confined at the Lake County Jail on and after January 11, 2006 who provided notice that he or she had been taking prescription medication for a serious health need and who was not provided with that medication within 24 hours thereafter.

**ANSWER:** This defendant denies that the plaintiff's class proposed in paragraph 17 satisfies each of the requirements of Rule 23 and denies that class certification is appropriate under Fed.R.Civ.P. 23(b)(3).

18. Plaintiff demands trial by jury.

**ANSWER:** Admit

WHEREFORE, defendant HEALTH PROFESSIONALS LTD. denies that class certification is appropriate and requests this Court enter an order pursuant to Rule 23(c)(1)(a) denying certification and further denies plaintiff is entitled to judgment against it in any amount whatsoever, or any other relief requested in plaintiff's complaint, and asks that the plaintiff's complaint be dismissed and that judgment be entered in its favor on the remaining pleadings, and attorneys fees be assessed against the plaintiff.

**JURY TRIAL DEMANDED**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The defendant affirmatively states that the plaintiff's amended complaint fails to state a claim upon relief can be granted pursuant to 42 U.S.C. § 1983 involving rights secured by the United States Constitution as the conduct claimed as actionable does not rise to the standard of seriousness required pursuant to that statute.

### Second Affirmative Defense

2. At all times relevant herein, this defendant acted in good faith and in accordance with the Illinois Administrative Code in the performance of its official duties and without violating plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is therefore protected from suit by the doctrine of qualified immunity.

### Third Affirmative Defense

3. To the extent plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, and therefore, the plaintiff's complaint is barred.

### Fourth Affirmative Defense

4. To the extent plaintiff is seeking to hold this defendant responsible for the alleged Constitutional violations of others, including any of its employees or agents, no such liability exists and therefore plaintiff cannot recover.

                                          CHARYSH & SCHROEDER, LTD.

                                            s/Richard A. Tjepkema

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338
Richard A. Tjepkema (ARDC # 6217445)

**CERTIFICATE OF SERVICE**

    The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on July 14, 2008.

                                    By:  s/ Richard A. Tjepkema
                                               Attorney for Defendants